# Middlebrooks Shapiro, P.C.
### attorneys at law
### 841 Mountain Avenue, First Floor
### Springfield, New Jersey 07081
telephone (973) 218-6877
telecopier (973) 218-6878
email: middlebrooks@middlebrooksshapiro.com

Melinda D. Middlebrooks, Esq.*
Joseph M. Shapiro, Esq.°
Richard P. Shapiro, Esq. (1942-2002)
~
Jessica M. Minneci, Esq.
Angela Nascondiglio, Esq.°

Of Counsel
Myron S. Lehman, Esq. (1928-2007)

*Also admitted in Tennessee
°Also admitted in New York

March 8, 2018

**VIA EMAIL AND CM/ECF**
Honorable Vincent F. Papalia
United States Bankruptcy Court
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Re:   Newmax Trading Corp et al v. Lee          Yong Suck Lee,
      Adv. Pro. Case No. 18-01121-VFP           Case No. 18-11532-VFP

Dear Judge Papalia:

As Your Honor is aware, this Firm represents the Chapter 13 debtor and defendant (the "Defendant") in the above-captioned Chapter 13 case, as well as in the adversary proceeding (the "Adversary Proceeding") commenced today (March 8th) by creditor and plaintiff Newmax Trading Corp. (the "Plaintiff"). See, Adv. Pro. Case No. 18-01121-VFP, Docket No. 1.

As Your Honor is also aware, three (3) days ago on March 5th, the Plaintiff presented Your Honor with a proposed "*Order Partially Vacating Automatic Stay*" (the "Proposed Order") on the Plaintiff's Motion for Relief from Stay. See, In re: Yong Suck Lee, 18-11532-VFP, Docket No. 9.

Please accept this letter as the Defendant's objection to entry of the Proposed Order in light of the Plaintiff's decision to file its Adversary Complaint and commence the Adversary Proceeding this afternoon on the eve of the deposition of the Defendant scheduled for tomorrow at 2:00 p.m.[1]

As Your Honor is aware, it is a well-established rule that, once adversary proceedings are commenced, plaintiffs are no longer entitled to conduct Rule 2004 examinations regarding issues within the scope of the pending adversary proceedings, and are limited to discovery procedures

---

[1]Prior to the filing of the Adversary Complaint, the Defendant, by and through this Firm, had given the Plaintiff consent to submit the Proposed Order to Your Honor. However, the Plaintiff provided no notice that it would commence the Adversary Proceeding prior to the Defendant's deposition, in contradiction to well-established discovery rules.

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*

**Middlebrooks Shapiro, P.C.**
March 8, 2018
Page 2

pursuant to the Federal Rules of Civil Procedure. <u>See</u>, <u>In re Enron Corp.</u>, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citing <u>In re Bennett Funding Group, Inc.</u>, 203 B.R. 24, 28 (Bankr.N.D.N.Y.1996); <u>2435 Plainfield Ave., Inc. v. Township of Scotch Plains (In re 2435 Plainfield Ave., Inc.)</u>, 223 B.R. 440, 455–56 (Bankr.D.N.J.1998); <u>In re Buick</u>, 174 B.R. 299, 306 (Bankr.D.Col.1994)).

"'The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to [Rule 7026 FRBP] et seq., rather than by a [Rule 2004 FRBP] examination.'" <u>In re Martelli</u>, BR 16-20316-PRW, 2017 WL 3098105, at *4 (Bankr. W.D.N.Y. July 20, 2017) (<u>citing</u> <u>In re Bennett Funding Grp., Inc.</u>, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)).

In light of the foregoing, the Defendant objects to entry of the Proposed Order. The Plaintiff must now proceed under the Federal Rules of Civil Procedure in the Adversary Proceeding, and may not proceed under the Bankruptcy Rules or New Jersey State Court Rules, in seeking discovery from the Defendant. Accordingly, the Proposed Order should not be entered in its current form.

Moreover, the Plaintiff may not proceed to obtain discovery from the Defendant under the Bankruptcy Rules or the New Jersey State Court Rules, and the Plaintiff's deposition of the Defendant, currently scheduled for tomorrow, Friday, March 8, 2018, must not proceed in light of the Plaintiff's decision to file the Adversary Complaint in advance of the deposition.

Counsel to the Plaintiff, and counsel to the Chapter 13 Trustee, are copied on this correspondence.

Should Your Honor have any questions, please don't hesitate to contact the undersigned.

Respectfully submitted,

/s/ Joseph M. Shapiro

Joseph M. Shapiro, Esq.

cc:    Joseph E. Collini, Esq. (via email and CM/ECF)
Joseph Petrolino, Esq., counsel  Marie-Ann Greenberg,
Chapter 13 Standing Trustee (via email and CM/ECF)
Yong Suck Lee (via email only)

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*