# EMOLO & COLLINI
## COUNSELORS AT LAW

| | | |
|---|---|---|
| John C. Emolo | 375 Broadway | *Certified by the State of New |
| Joseph E. Collini* | Paterson, New Jersey 07501 | Jersey as a Civil Trial Attorney |
| | Phone: (973) 742-6463 | E-Mail: emcolaw@optonline.net |
| | Fax: (973) 742-0386 | |

Ana Lamourt, Legal Assistant
Juan Moya, Legal Assistant

March 9, 2018

**Submitted via CM/ECF**
Honorable Vincent F. Papalia
United States Bankruptcy Court
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

   Re: Newmax Trading Corp et al v. Lee     Yong Suck Lee
   Adv. Pro. Case No. 18-01121-VFP      Case No. 18-11532-VFP

Dear Judge Papalia:

  As Your Honor is aware, this office represents Creditor, Newmax Trading Corp., by its president Sang Uk Pak & Sang Uk Pak, individually in the above-referenced matters.

  At the motion hearing of March 1, 2018 in this matter, Your Honor directed that the Automatic Stay be lifted in part, to allow the deposition of the debtor, Yong Suck Lee, within the next two (2) weeks. You also directed that my clients file any adversarial proceeding before March 31, 2018. The aforesaid deposition was noticed for March 9, 2018, at 2:00 p.m. Your Honor allowed (2) weeks to conduct same and the creditor/plaintiff promptly scheduled same at the earliest convenient date for all parties. I filed our clients' adversarial Complaint several days ago.

  Earlier today, counsel for defendant/debtor, Yong Suck Lee, filed a correspondence objecting to the scheduled deposition of defendant/debtor on the basis that the filing of the Adversarial Proceeding barred this deposition, notwithstanding that it was directed by the Court in this matter.

  The aforesaid action by defense counsel is simply another ploy to avoid his client's deposition, notwithstanding the clarity of Your Honor's directive. It is respectfully submitted that this type of gamesmanship by defense counsel is blatantly intended to frustrate any progress in this case by intentionally spawning duplicative time consuming litigation if the defendant's deposition does not proceed as ordered by the Court. Counsel's cavalier actions violate the Rules of Court and his required ethical obligations to this Court and his adversary. As aforementioned, the adversarial proceeding was commenced in compliance with Your Honor's directive and the creditor/plaintiff was never advised by Your Honor to wait until after the defendant's deposition to file its adversarial proceeding.

Honorable Vincent F. Papalia
Re: Newmax Trading Corp et al v. Lee
Adv. Pro. Case No. 18-01121-VFP

Yong Suck Lee
Case No. 18-11532-VFP

March 8, 2018
Page 2

I herewith respectfully advise the Court, that pursuant to Your Honor's directives and barring any intervention by the Court beforehand, I have every intention to commence the deposition today at 2:00 p.m., as scheduled. The defendant's actions, should he not appear for his deposition today, will be in violation of both the State Court Order compelling his deposition and Your Honor's Order to have same commence within (2) weeks of the hearing. Should the defendant/debtor fail to appear, creditor/plaintiff will move for sanctions pursuant to Fed. R. Civ. P. 37(b)(1).

If after reviewing this letter, the Court believes that a teleconference would be appropriate, I will make myself available for same before 12:00pm so there is sufficient time before the scheduled deposition time for the parties to react to any instruction from the Court.

Respectfully submitted,
*/s/ Joseph E. Collini, Esq.*
Joseph E. Collini, Esq.

JEC:jm

cc: Joseph M. Shapiro, Esq. (via CM/ECF)
Marie-Ann Greenberg, Trustee (via CM/ECF)