# Middlebrooks Shapiro, P.C.
### Attorneys at Law
**841 Mountain Avenue, First Floor**
**Springfield, New Jersey 07081**
telephone (973) 218-6877
telecopier (973) 218-6878
email: middlebrooks@middlebrooksshapiro.com

Melinda D. Middlebrooks, Esq.*
Joseph M. Shapiro, Esq.°
Richard P. Shapiro, Esq. (1942-2002)
~
Jessica M. Minneci, Esq.
Angela Nascondiglio, Esq.°

Of Counsel
Myron S. Lehman, Esq. (1928-2007)

*Also admitted in Tennessee
°Also admitted in New York

April 6, 2018

**VIA EMAIL AND CM/ECF**
Honorable Vincent F. Papalia
United States Bankruptcy Court
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Re:   Newmax Trading Corp. v. Lee,      Yong Suck Lee,
      Adv. Pro. Case No. 18-01121-VFP   Case No. 18-11532-VFP

Dear Judge Papalia:

As Your Honor is aware, this Firm represents the Chapter 13 debtor (the "Debtor") in the above-captioned Chapter 13 case. This Firm also represents the Debtor in the adversary complaint (the "Adversary Complaint") filed on March 8, 2018 on behalf of creditor Newmax Trading Corp. (the "Creditor"). See, Adv. Pro. Docket No. 1.

Please accept this letter as the Debtor's supplemental opposition, pursuant to ¶3 of Your Honor's March 12, 2018 Order Partially Vacating Automatic Stay, see, Docket No. 41, to the Creditor's Motion to Vacate Stay (the "Motion to Vacate"). See, Docket No. 9.

In its Motion to Vacate, the Creditor seeks relief from the automatic stay in this Chapter 13 reorganization case to return to Bergen County Superior Court, Chancery Division (the "State Court") to litigate the Creditor's two (2) count complaint against the Debtor for: (A) avoidance of an alleged fraudulent transfer; and (B) generally alleged "punitive" damages (the "State Court Complaint"). See, Newmax Trading Corp. v. Yong Suck Lee, Docket No. BER-C-89-17.

The Creditor's Motion to Vacate must be denied under the "Sonnax Factors".[1]

---

[1] (1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*

**Middlebrooks Shapiro, P.C.**
April 6, 2018
Page 2

As Your Honor explained in In re Barksdale, this Court often relies upon the established, twelve (12) Sonnex Factors in determining whether to grant relief from the automatic stay so as to permit a party to continue prosecuting a matter in another forum. See, In re Barksdale, 13-25477 (VFP), 2015 WL 9700952, at *3 (Bankr. D.N.J. Nov. 10, 2015) (citing In re Mid–Atlantic Handling Sys., LLC, 304 B.R. 111, 130 (D.N.J.Bankr.2003) and In re Sonnax Industries, Inc., 907 F.2d 1280 (2d Cir. 1990).

The first and foremost "Sonnax Factor" is "**whether relief would result in a partial or complete resolution of the issues**". See, Id. (emphasis added). See also, In re Patriot Contracting Corp., 05-33190 DHS, 2006 WL 4457346, at *3 (Bankr. D.N.J. May 31, 2006). Here, the relief sought by the Creditor in its State Court Complaint would ***not*** result in either partial or complete resolution of the issues presented by the Creditor in its Adversary Complaint. In its four (4) count Adversary Complaint, the Creditor alleges causes of action against the Debtor for: (1) non-dischargeability under 11 U.S.C. § 523(a)(2)(A); (2) non-dischargeability under 11 U.S.C. § 523(a)(2)(B); (3) non-dischargeability under 11 U.S.C. § 523(a)(6); and (4) global denial of discharge under 11 U.S.C. § 727(a)(4)(A).

Litigation of the two (2) counts in the Creditor's State Court Complaint (under the New Jersey Uniform Fraudulent Transfer Act ("NJUFTA")[2] statute and for generally-alleged New Jersey common law "punitive damages"[3]) would not result in a partial or complete resolution of the issues presented in the four (4) counts of the Creditor's Adversary Proceeding. These four (4) counts allege non-dischargeability and denial of discharge under the following sections of the Bankruptcy

---

(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of the harms.

[2] "Every conveyance, grant or alienation of real estate, or goods and chattels, or of any estate or interest therein, whether made by writing or otherwise, and every judgment and execution which have been or shall be contrived in fraud, covin or collusion, with intent to hinder, delay or defraud creditors and others of their lawful actions, debts, damages or demands, shall be deemed and taken (only as against those persons, their executors, administrators or assigns, whose actions, debts, damages or demands are or may be hindered or defeated by such covinous or fraudulent devices and practices) to be utterly void and of no effect, any feigned consideration, color or other pretense to the contrary notwithstanding." N.J.S.A. § 25:2-3 (West).

[3] Under New Jersey common law, "[t]o warrant a punitive damage award, there must be an intentional wrongdoing in the sense of an 'evil-minded act'" or "may be warranted where the defendant's conduct arises from an act accompanied by a willful and wanton disregard of the rights of others." McMahon v. Chryssikos, 528 A.2d 104, 105 (N.J. Super. L. Div. 1986) (citing Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 49, 477 A.2d 1224 (1984); DiGiovanni v. Pessel, 55 N.J. 188, 190, 260 A.2d 510 (1970); Berg v. Reaction Motors Div., 37 N.J. 396, 414, 181 A.2d 487 (1962)).

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*

**Middlebrooks Shapiro, P.C.**
April 6, 2018
Page 3

Code:

    (1)    11 U.S.C. § 523(a)(2)(A): "A discharge ... does not discharge an individual debtor from any debt-- (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition"

As Your Honor recently explained in In re Chung-Hwan Kim, "[t]he burden is on the plaintiff to prove by a preponderance of the evidence that a debt is nondischargeable. 'The overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start. Exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors.'  In a complementary manner, the purpose behind section 523(a)(2)(A) is 'to prevent a debtor from retaining the benefits of property obtained by fraudulent means and to ensure that the relief intended for honest debtors does not go to dishonest debtors.' ...  Although the terms 'false pretenses,' 'false representation,' and 'actual fraud' refer to different concepts, they are closely related and each requires a plaintiff to demonstrate 'proof of false or deceptive conduct, fraudulent intent, and justifiable reliance.'" Thus, in determining whether the requirements of section 523(a)(2)(A) are satisfied, courts typically require proof that the debtor:

    (a) obtained money, property or services;
    (b) after falsely representing [or omitting] a material present or past fact;
    (c) that the debtor knew at the time was false (or was made with disregard for its truth);
    (d) the debtor intended that the plaintiff rely on that statement;
    (e) the plaintiff actually relied on that statement and the reliance was justified; and
    (f) the plaintiff sustained damages as the proximate result of the false representation."

In re Chung-Hwan Kim, 12-30363 VFP, 2018 WL 671467, at *20–22 (Bankr. D.N.J. Jan. 31, 2018) (internal citations omitted).

    (2)    11 U.S.C. § 523(a)(2)(B): "A discharge ... does not discharge an individual debtor from any debt-- (B) use of a statement in writing-- (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive"

Judge Ferguson explained that "[i]n order to prevail under [523(a)(2)(B)], a creditor must prove five elements: (1) the debtor made a statement in writing; (2) the statement concerned the debtor's financial condition; (3) the statement was materially false; (4) the debtor made the representation with an intent to deceive the creditor; and (5) the creditor actually and reasonably relied on the misrepresentation.' 'Section 523(a)(2)(B) pertains to a specific type of financial statement, 'one that specifically states a debtor's or insider's net worth.'" In re Nicolai, 05-29876,

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*

**Middlebrooks Shapiro, P.C.**
April 6, 2018
Page 4

2007 WL 405851, at *2 (Bankr. D.N.J. Jan. 31, 2007) (internal citations omitted).

>   (3)   11 U.S.C. § 523(a)(6): "A discharge ... does not discharge an individual debtor from any debt-- (6) for willful and malicious injury by the debtor to another entity or to the property of another entity"

Judge Kaplan explained that "[i]njury is 'willful and malicious' within the meaning of § 523(a)(6) when an actor purposefully inflicts the injury or acts in such a manner that he is substantially certain that injury will result. Further, non-dischargeability pursuant to § 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Put differently, '[d]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6).' I note further that in assessing whether a particular debt is non-dischargeable, courts must narrowly construe the discharge exceptions in § 523(a) in favor of the debtor, given that the underlying policy of the Code is to afford the debtor a 'fresh start.'" In re Viola, 11-36565 MBK, 2013 WL 951394, at *2 (Bankr. D.N.J. Mar. 12, 2013) (internal citations omitted).

>   (4)   11 U.S.C. § 727(a)(4)(A): "The court shall grant the debtor a discharge, unless--(4) the debtor knowingly and fraudulently, in or in connection with the case-- (A) made a false oath or account"

Judge Altenburg explained that under this section, "[d]ischarge will be denied if: '(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case.' 'In general, § 727 is to be construed liberally in favor of the debtor and strictly against those objecting to discharge.' The plaintiff must prove its case by a preponderance of the evidence. Whether a debtor has made a false oath within the meaning of § 727(a)(4)(A) is a question of fact." In Re Gallagher, 13-26584-ABA, 2016 WL 4989942, at *5–6 (Bankr. D.N.J. Sept. 9, 2016) (internal citations omitted).

Review of the elements required to be proven before the Bergen County State Court under the NJUFTA and New Jersey common law "punitive damages" evidence that returning to State Court will not resolve the counts of the Adversary Complaint that must be proven through specific evidentiary showings under the preponderance of the evidence standard.

In Count One of its State Court Complaint, the Creditor cites to N.J.S.A. § 25:2-3, the NJUFTA statute. N.J.S.A. § 25:2-3 (West). The Creditor cites no case law in support of Count One of its State Court Complaint. However, that statute generally requires that, "[i]n order to set aside a conveyance to a third party as a fraud against creditors, the transferee must have participated in or have had knowledge of the transferor's fraudulent purpose." O'Neill v. Little, 258 A.2d 731, 734 (N.J. Super. Ch. Div. 1969) (citing Muirheid v. Smith, 35 N.J.Eq. 303, 308 (E. & A. 1882); Roe v. Moore, 35 N.J.Eq. 526 (E. & A. 1882)).

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*

**Middlebrooks Shapiro, P.C.**
April 6, 2018
Page 5

      Accordingly, to prevail under the NJUFTA, the Creditor must prove to the State Court the participation and/or knowledge, of the Debtor's now-deceased partner, in and/or of the Debtor's alleged "fraudulent purpose" in transferred certain real property. As demonstrated above, these State Court proofs are distinct from those to be shown in support of the Bankruptcy Code-based counts in the Adversary Proceeding. Even assuming <u>arguendo</u> that the Creditor prevails on its NJUFTA statutory claim before the State Court, the result would be a determination that the Debtor's transfer of property is "utterly void and of no effect," and the subject property would return to the Debtor's estate. <u>See</u>, <u>Id.</u> The Creditor's NJUFTA claim is moot as the Debtor's Chapter 13 estate includes his interests in his inheritance of the subject "goods and chattels, or of any estate or interest therein". Even assuming <u>arguendo</u>, once again, that Count One is not moot, and assuming the Creditor prevails on its NJUFTA statutory claim in State Court, a State Court judgment in favor of the Creditor under the NJUFTA would ***not*** result in either partial or complete resolution of the Bankruptcy Code-based issues presented by the Creditor in its Adversary Complaint.

      Count Two of the Creditor's State Court Complaint is based upon general allegations for an award of New Jersey common law "punitive damages". The Creditor again cites no case law in support of Count Two of its State Court Complaint. Under New Jersey common law, "[t]o warrant a punitive damage award, there must be an intentional wrongdoing in the sense of an 'evil-minded act'" or "may be warranted where the defendant's conduct arises from an act accompanied by a willful and wanton disregard of the rights of others. <u>McMahon v. Chryssikos</u>, 528 A.2d 104, 105 (N.J. Super. L. Div. 1986) (<u>citing</u> <u>Nappe v. Anschelewitz, Barr, Ansell & Bonello</u>, 97 N.J. 37, 49, 477 A.2d 1224 (1984); <u>DiGiovanni v. Pessel</u>, 55 N.J. 188, 190, 260 A.2d 510 (1970); <u>Berg v. Reaction Motors Div.</u>, 37 N.J. 396, 414, 181 A.2d 487 (1962)). Proving common law punitive damages would ***not*** result in either partial or complete resolution of the issues presented by the Adversary Complaint.

      In light of the foregoing, the Debtor urges Your Honor to deny the Motion to Vacate. The "Sonnax Factors" weigh heavily against vacating the stay to permit the continuation of the State Court Action. Forcing the Debtor to return to Bergen County State Court for a trial on the NJUFTA and "punitive damage" claims, then returning to litigate the Adversary Complaint in the Creditor's adversary proceeding would only serve to increase the time and cost of litigation of matters that are properly before this Court.

      Counsel to the Creditor, and counsel to the Chapter 13 Trustee, are copied on this correspondence.

      Should Your Honor have any questions, please don't hesitate to contact the undersigned.

      Respectfully submitted,

      /s/ Joseph M. Shapiro

      Joseph M. Shapiro, Esq.

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*

**Middlebrooks Shapiro, P.C.**
April 6, 2018
Page 6


cc:  Joseph E. Collini, Esq. (via email and CM/ECF)
     Joseph Petrolino, Esq., counsel  Marie-Ann Greenberg,
     Chapter 13 Standing Trustee (via email and CM/ECF)
     Yong Suck Lee (via email only)

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*