| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| | **Order Filed on May 8, 2018**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In Re: | Case No.:      18-11532 (VFP) |
| YONG SUCK LEE, | Chapter:      13 |
| Debtor. | Hearing Date: May 3, 2018 |
| | Judge:        Vincent F. Papalia |

**ORDER REGARDING DEBTOR'S MOTION
TO REDUCE CLAIM 1-2 OF
CREDITOR NEWMAX TRADING CORP.
AND GRANTING RELATED RELIEF**

The relief set forth on the following page, numbered two (2) through three (3), is hereby

**ORDERED**.

**DATED: May 8, 2018**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Case name:          In re Yong Suck Lee
Case no.:           18-11532 (VFP) (Chapter 13)
Caption of Order:   Order Regarding Debtor's Motion to Reduce Claim 1-2 of Newmax
                    Trading Corp. and Granting Related Relief

_____

This matter is before the United States Bankruptcy Court for the District of New Jersey on the Motion (the "Motion") filed by Debtor Yong Suck Lee, through Counsel (the "Debtor") to reduce Claim 1-1 in the amount of $202,408 filed on February 2, 2018 and amended Claim 1-2 in the amount of $244,752.62 filed on April 26, 2018 (collectively, the "Claim") by general unsecured creditor Newmax Trading Corp. ("Newmax") (which Claim is based on a Judgment entered in Superior Court of New Jersey, Chancery Division, General Equity Party, Bergen County, Dkt. No. C-145-15) (the "Judgment"), on the grounds (i) that Newmax has received payments against this claim under the confirmed Plan in *In re Yongjin Lee*, Case No. 17-14495 (VFP) (Chapter 13 filed in this Court); (ii) that Newmax is not entitled to certain post-judgment interest; and (iii) that the amount and basis of the Claim were not sufficiently identified or supported;

And Newmax having filed an Objection thereto (Dkt. No. 44); and the Debtor, a Reply (Dkt. No. 60), and it further appearing that Newmax filed adversary proceeding number 18-1121 (VFP) against Debtor on March 8, 2018 to deny discharge or to except this Judgment from discharge under 11 U.S.C. §§ 523(a)(2), (4), or (6)) (the "Adversary Proceeding");

And the Court having considered the parties' submissions; having heard oral argument from Debtor's Counsel only (Counsel for Newmax having failed to appear); and due notice having been given; and for good cause shown; and for the reasons set forth on the record on May 3, 2018, it is

**ORDERED** that Newmax shall within fourteen (14) days of the entry of this Order provide the Debtor a certified statement reflecting the separate elements of its Claim 1-2 in

Page 3
Case name:         In re Yong Suck Lee
Case no.:          18-11532 (VFP) (Chapter 13)
Caption of Order:  Order Regarding Debtor's Motion to Reduce Claim 1-2 of Newmax
                   Trading Corp. and Granting Related Relief

_____

reasonable detail, including (i) the total amount due, with separate identification of any additional amount claimed in excess of the Judgment, such as interest, attorney's fees, punitive damages, and the like; (ii) the basis of the $60,000 increase acknowledged in its Objection from a $184,752.62 adjusted balance to $244,752.62; and (iii) the amount of pre-and post-judgment interest included in the Claim; and it is further

   **ORDERED** that issues concerning whether post-judgment interest (and other amounts in excess of the Judgment) are allowed and whether such post-judgment interest (or other amounts due) will be excepted from discharge shall await the outcome of the Adversary Proceeding.